Good morning, your honors. My name is Tara Hovland, appearing on behalf of the appellant Dino Kyzar. I would like to try to reserve two minutes for rebuttal. As the court is aware, there are two certified issues in this case. One is whether the appellant was deprived due process by the trial court's denial to sever his case from his co-defendant, and whether the evidence was sufficient to support his conviction for conspiracy. Additionally, the court has asked counsel to be prepared to discuss another issue, which is whether this court is required to remand where the district court did not review the state court trial record in determining the merits of the sufficiency of the evidence claim. I will start with that issue. It is our position, based on the cases cited by this court, that this court is required to remand, that the district court has not considered the trial record in considering a sufficiency of the evidence claim. The evidence in the Ninth Circuit, or the cases in the Ninth Circuit and the Eleventh Circuit confirm that. However, it appears that the Sixth Circuit and the Seventh Circuit have carved out an exception to the Ninth Circuit rule, and that exception, just turn down your volume. Can you just turn down the volume of the telephone? I've got the power, Your Honor. Thank you. So under the Ninth Circuit rule of Jones v. Woods, this court must remand to the district court. The magistrate expressly put at the beginning of their opinion that they did not have the trial record, that they depended on facts outside the record. The district court confirmed that. If this court were to adopt the exceptions that are noted in the Sixth and Seventh Circuit, those exceptions are where the state court opinion summarizes the trial testimony or the factual or the relevant facts, and the defendant doesn't quarrel with that summary. Well, then I have two questions. Yes. The reason they didn't summarize this is argument the issue wasn't really raised. That's right. And that's one of our points, is the court of appeal opinion had a three and a half paragraph summary of facts that was relevant to the severance claim, not the sufficiency of the evidence. Why would they write it if the issue wasn't raised? In the petition for post-conviction relief, the court didn't have any relevant facts at all. More important than that, I just really don't understand. All these briefs were written with the assumption the record as developed by the magistrate was correct. No one disputed its accuracy. And the only question is whether based on that record there was sufficient evidence. So I don't understand why at this point, this is a remand. Well, I don't think it's... No one's really disputing the accuracy of the state court, I mean, of the record as developed by the district court on this issue. Because it's not true, Your Honor. In the defendant's objections to the magistrate's report and recommendation, he specifically says, for this court to review what took place in Mr. Cropper's plea agreement and Mr. Howell's certiorari motion to determine the facts that were not allowed in Petitioner's trial without a full study of Petitioner's trial transcript and trial record is a miscarriage of justice and prejudices this Petitioner. Can you clarify what we're talking about? Are we talking about the transcript of the plea agreement? Are we talking about something broader than that? I believe that the court only considered the factual basis for Mr. Cropper's plea. Okay. If you assume that everything that you say took place in the plea colloquy actually did take place, if you assume the truth of what you represent the plea agreement was, then what difference does it make? Because the plea agreement couldn't, wasn't breached even on your take because it was a question, there was never a question of eligibility for parole. The only question is suitability. Mr. Cropper's plea agreement is completely irrelevant to Mr. Kysar's trial. Oh, I'm sorry. Okay. I'm sorry. I'm on a different, all right. I'm on a different point. You're, then I really am, I'm even more confused than I sounded like I am. So you're, you're, your problem is that the record is missing on the, the magistrate It did not have the trial transcripts before it when it considered the sufficiency of the evidence claim. It didn't have the trial record at all. The magistrate was Whose burden was it to make sure that he had it? Pardon? Whose burden was it to make sure that he had it? This circuit has said the district court has the duty to obtain the record for itself. Okay. And? And the district court did not do that. And so we're supposed to send it back so that the district court can do something that nobody asked it to do. Well, the defendant mentioned in his petition, in his reply to Respondent's answer, in his request for an evidentiary hearing, and in his objections to the magistrate's report, he said over and over again, there are facts that the state court did not consider that are in the trial transcripts, and this court needs to consider those facts. And no one ever did that. What are you referring to? Where will I find what you just said? Pardon? Where will I find in the record what you just said? The, yes. That it made the record. Okay. In the 2254 petition, which is excerpts of record 11, page 7 and 15, in his reply to the Respondent's answer, I'm sorry, I have to clarify that. The 2254 petition is in the docket. It's the first item in the docket, but it's not as a separate exhibit in the excerpts of record. The same with his reply, which is item number 28 in the docket. In his request for an evidentiary hearing, that's item number 27, pages 1 through 4. Going back to the reply, that's on page 14, so you don't have to look through the whole thing. And then, most importantly, though, in his objections to the magistrate's report, which is found at item number 39 in the docket, it's pages 1 through 2, which is what I read to the court earlier. And in all of those sites, he complains that the state court did not consider all the facts in the trial court record. Is that a waivable default? Do you mean did the defendant waive it, or? Is it waivable, or is it an absolute requirement? According to Jones v. Woods, it's an absolute requirement. Okay. There's no wiggle room. I would like to take the remaining of my time for rebuttal. Let me ask you one quick question. Did the magistrate judge indicate why he did not have the trial record? All he said was that he didn't have it, and that he was going to look at these public record documents that he could find, which were a cert petition and other people's PCRs. Thank you. Thank you. May it please the Court. My name is Ginger Jarvis. I'm the Assistant Attorney General from Arizona assigned to argue this case this morning. I'd like to first address Judge Trager's question about whether or not this was raised. Sufficiency of the evidence was never raised in any State court proceeding. There was never any State court finding on a Jackson v. Virginia standard at any point. So that's the primary reason, I believe, why there were exhibits from the record attached to the State's habeas response, but it wasn't the entire trial transcript select was submitted with the briefs in this case. I think primarily because there was no sufficiency of the evidence claim in the State court. I'm not sure why the magistrate used other sources to construct the facts and the procedural history. However, when he did rule on sufficiency of the evidence, after sort of skipping over the procedural bar, he just sort of said, even if it weren't procedurally barred, it loses on the merits. He only cited to Petitioner's trial evidence in Petitioner's trial, and that's, I think, drawn from the summary in the Court of Appeals' opinion. Well, it's not a published opinion. It's a memorandum decision. Well, the opening part of the opinion. Right. And where the Court sets out, we view the facts in the light most favorable to sustaining the evidence, or to sustain the convictions. Sorry. So I think, and as opposing counsel pointed out in both the Sixth and Seventh Circuit cases that this Court gave us to discuss this morning, they discuss whether or not there is a State court summary of the facts and whether or not there's any quarrel about those facts. And there isn't any quarrel, because those facts were actually cited in the Petitioner's opening brief. So to the extent that the Petitioner is stating that there were extra facts, that he keeps saying, hey, you didn't consider this, and hey, you didn't consider that, that's a weight of the evidence argument. He's essentially saying there was conflicting evidence, but there were other people who said I wasn't there. There were other people who said I wasn't. But that is, of course, the province of the jury. And so even if sufficiency of the evidence were properly before you, that re-weighing is not something that this Court engages in, as you know. So, and if there's not any specific questions that you have for me. Well, you haven't yet discussed the law of the circuit, which seems to indicate when there's a challenge to sufficiency of the evidence, the district court must look at the trial transcripts. Well, to, yes, but I guess my first answer to that is that it's not, it's procedurally barred in the first place. So if this Court is going to remand because the trial, because the district court didn't properly find the procedural bar, I think this Court is in a position to properly find the procedural bar without having to remand the district court. In addition, there's actually, there's another case, there's other case law from this view of what happened at a, at a pretrial motion on a motion to suppress on a Sixth Amendment issue, where this Court had all the transcripts, and this Court said that it was in just as good a position to make that decision as the district court in terms of remanding it back for the district court to review what you now have before you. And with the extensive trial transcripts filed by the State in the Ninth Circuit brief, briefing, I think that you're in, and you're in the position, as good a position as the district court, to make that decision if you indeed want to reach the merits, even though the sufficiency of the evidence claim, as I said, is procedurally barred because it was never ruled on by any State court. The problem I have with your argument is we don't know if the petitioner is wrong, that the summary by the State court was correct, that the evidence was sufficient. And the district court doesn't know it was wrong because it relied on the State court's summary. Well, yeah, I mean, again, in order to do that, you're jumping over the procedural bar, and you're also assuming that the State court opinion says in it, we review the evidence in the light most favorable to sustain the verdict, which is a Jackson v. Virginia standard. Now, granted, you do have the record. So if you want to review the record and decide if the State court of appeals summary is accurate, and any rational juror could find what the State court reiterated as what happened at trial, then you are in a position to do that because you have all the trial transcripts. But that's not our job, is it? That's the district court's job to determine the sufficiency, and then we review that? If it's not procedurally barred, again, which it is in this case. But, yes, it is. But, like I said, you have other Ninth Circuit case laws saying we're in as good a position as the district court to do this. If we have it, it serves judicial economy to do it. So it is within your power to do that if you decide you want to reach the merits. May I assume that your office has made sure this error doesn't occur again in the future? Yes. Your Honor, I, as you know, well, I actually was involved in this case when it was in the State court, but I was not the counsel for habeas or even for writing the Ninth Circuit brief. So, yes, I was a little confused when I read the magistrate's order why he was citing various – it was sort of, as you may know, a high-profile case in Arizona when an officer, a correctional officer was killed, and there were several co-defendants. And, in fact, the magistrate's citing of the petition for cert, he claimed it's not actually defendant Howell's petition for cert. It was the State's petition for cert. So I don't know why he went looking for it, and I don't know why he cited it. But, as I said, even when using that extraneous public records to construct the factual and procedural history, when he did rule on the merits petition at the beginning of, you know, on the merits of the sufficiency of the evidence issue, he said at the beginning of each paragraph, in Petitioner's trial, in Petitioner's trial. So I don't think there's any question that when reaching the merits, even though he didn't have to, he was not relying on anything that was not submitted in Petitioner's trial and wasn't relying on any extraneous records involved in co-defendant's cases. Of the court has no ---- Is there a trial transcript? There is. There are. I mean, it's a record trial. Yes. Oh, yes. It exists. It was transcribed. It was the whole ---- Yes. It exists. All the boxes of minute entries and trial transcripts. Nobody questions that. Nobody questions that. No, it's not absent. I don't know why. I read it. I read it. I read it. I don't know why. I don't know why it was not submitted with the habeas in response. I don't have any answer for that. The court has no further questions. I urge it to affirm the district's court ruling. Okay. Thank you. Denying the petition for cert. Thank you. Just briefly, Your Honor. I found in the magistrate's report and recommendation where he addresses not having the trial transcripts. And he says this. Apparently no complete transcript of Petitioner's criminal trial is available. Accordingly, the court has adduced the factual background for Petitioner's criminal proceedings and habeas claims from numerous sources, all of which are public records and of which the court may properly take judicial notice. And what the court did was he found a cert petition, he found other opinions, he found the factual basis, that kind of thing. Now, I dispute the Respondent's claim that the sufficiency of the evidence in Petitioner's claim was never raised in the state court. It's not true. He raised it in both his petition for post-conviction release, but more importantly in his petition for review to the court of appeal. He stated the operative facts. He stated the federal constitutional rights involved.  He argued in those claims that the state was required to prove the elements of conspiracy and that they never established his intent to aid or counsel Cropper in the assault, nor that he agreed or aided in the assault at all. And so the claim is right there.  I'm really confused. It was raised in his original petition for post-conviction relief and then again in his Not in the direct appeal. Pardon? No, not in the direct appeal. And that's one of the problems with the court of appeals opinion, the state court of appeals opinion, that's three and a half pages long from a three-week trial. That direct appeal only dealt with severance and the admission of prior bad acts. It didn't deal with sufficiency of the evidence. So that court didn't have a reason to summarize the trial record. Well, was the issue raised? If it wasn't raised, why would you expect the court to deal with it? Exactly. That's why we're saying that the district court, the magistrate, can't rely on the state court opinion of its factual summary. But then isn't it forfeited? No. Are you talking about the insufficiency of the evidence claim was raised in state court? It just wasn't raised on direct appeal. It was raised on petition for post-conviction relief. Okay. And your prejudice, again, that is if the entire transcript is reviewed, it would show what? It wasn't already before the magistrate judge. That the evidence was insufficient to prove all of the elements of conspiracy. That's yes, but in what respect? Because we pretty much know what the conflict in the evidence was. Right. Would it show anything different? Yes. The transcript shows something that we don't already have. Because the court of appeal opinion only cites the two pieces of evidence that were against the defendant. It doesn't talk about all the other witnesses who refuted that evidence. But assuming that those people testified the way you said they did, it just creates a conflict. That would be true if he were convicted of the other charges, but he wasn't. Well, but the jury heard all this, and they acquitted him of two, and they convicted him of this one. And they seem to have weighed all the evidence. And it's not like you're claiming that one of the government's witnesses has now confessed that he lied. No. However, Petitioner did attach an affidavit from, well, not an affidavit, I'm sorry. Not an affidavit. Information from a juror saying that they had no evidence on Mr. Kaisar. They weren't going to convict him of anything. No, we can't consider that. But it was raised in the state court, and the state court considered it. And the magistrate didn't. Okay. So, I mean, really seriously, the bottom line here is that review of the entire transcript would show what? Nothing more than we already know. It would show that no rational trier of facts could have convicted him of conspiracy. I mean, I understand why you keep resorting to that, but that's just a conclusory point. In what respect? You must have read it. I have not. So since you've read it, the entire transcript, what would it tell me about this case that I don't know, having just simply read the record that was before the district court? Well, for example, the state court cites the fact that Elkins said that he saw the appellant outside of Cropper's cell. And in the Respondent's Briefs, there are portions of that conversation. Well, on cross-exam, Elkins admitted that he didn't hear any conversation. And so the courts are considering things that were proved not to have happened in the trial transcripts, and if they were to look at it. The jury heard all these folks and resolved credibility issues against Kaiser, which is why it's more quizzical that the jury specifically acquitted Kaiser of any agreement to aid in the assault, yet then convicted him of an agreement to aid in the assault in the conspiracy, and the juror explained why that happened. They had already filled out the verdict for him that he was innocent. So I think a review of the trial transcripts is mandatory, especially under the Jones case. There's no wiggle room there. We review the trial transcript, and somehow this juror's conclusion that they had acquitted him is now before the district court? Well, I think the court is going to read the transcripts just like the jury heard the evidence, and they're going to come to the same conclusion, that they did not have sufficient evidence to convict him of this crime. Anything else? No. Okay. Thank you very much, counsel. Thank you. The matter just argued. I would just like to note what nobody else has yet. Go Giants. Time is wasted. Thank you for your argument. The matter just argued will be submitted.
judges: Trager, Alarcon, Rymer